UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Sarah E. Abernathey,<br><br>      Plaintiff,<br>v.<br><br>Leading Edge Recovery Solutions, LLC, John Doe #1, and John Doe #2,<br><br>      Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff Abernathey.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Sarah E. Abernathey is a natural person who resides in the City of Duluth, County of St. Louis, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Leading Edge Recovery Solutions, LLC (hereinafter "Leading Edge") is a collection agency operating from an address of 5440 N Cumberland Avenue, Suite 300, Chicago, Illinois 60656, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe #1 (hereinafter "Defendant Doe #1") is a natural person who was employed at all times relevant herein by Defendant Leading Edge as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant Doe #1's true name is unknown to Plaintiff Abernathey at this time.

7. Defendant John Doe #2 (hereinafter "Defendant Doe #2") is a natural person who was employed at all times relevant herein by Defendant Leading Edge as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant Doe #2's true name is unknown to Plaintiff Abernathey at this time.

**FACTUAL ALLEGATIONS**

8. In or around 2008 through 2010, Plaintiff Abernathey incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card debt with Wells Fargo Bank in the approximate amount of $2,700, which was used by Plaintiff Abernathey for personal, family and household purchases.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

*March 16 Collection Call*

10. On or about March 16, 2011, Defendant Leading Edge's collector, a woman whose name is unknown to Plaintiff, contacted Plaintiff Abernathey by telephone in an effort to collect this debt. This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. During this call, Plaintiff Abernathey explained to Leading Edge's collector that she was unable to pay the purported debt because she had lost her job and was about to give birth to a baby with a serious birth defect and therefore did not have the money to pay the purported debt. After approximately 10 minutes, Leading Edge's collector put Defendant John Doe #1 (whose true name is unknown to Plaintiff), whom she identified as a supervisor, on the line with Plaintiff Abernathey.

12. Defendant Doe #1 was abusive to Plaintiff Abernathey. Specifically, he accused Ms. Abernathey of lying to Leading Edge's collector regarding the status of her mortgage (i.e., whether or not she had one), and accused her of opening new lines of credit recently. He also accused her of lying when Ms. Abernathey told him that she had kept up to date with her credit card payments up until she lost her job.

13. Plaintiff Abernathey adamantly denies that she lied to Leading Edge or its collectors regarding the status of her mortgage and when she stopped making credit card payments. Plaintiff Abernathey further denies that she has opened or sought to open any lines of credit in at least the last two years.

14. Defendant Doe #1's statements during the March 16, 2011 collection call were false, deceptive, abusive and misleading.

### *March 22 and 23 Collection Calls*

15. Defendant Leading Edge contacted Plaintiff Abernathey by telephone on at least 10 separate occasions from March 22, 2011 to March 23, 2011 in an effort to collect this debt. These calls were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. The natural consequence of calling Plaintiff Abernathey 10 times in two days less than a week after she previously stated she could not afford to pay the debt was to harass, oppress, and abuse Ms. Abernathey.

### *April 6 Collection Call*

17. On or about April 6, 2011, Defendant Leading Edge's collector, Defendant John Doe #2 (whose true name is unknown to Plaintiff), contacted Plaintiff Abernathey by telephone in an effort to collect this debt. This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. Defendant Doe #2, who identified himself as "Daryl Taylor," told Ms. Abernathey that she had about $2,700 in debt from Wells Fargo and asked how she would pay it. Ms. Abernathey explained that she had just given birth to a baby with a disability and did not have the money to pay the debt.

19. Defendant Doe #2 told Ms. Abernathey that he was putting her down as "refuse to pay" and that Leading Edge "would do what they have to do" to keep collecting and hung up.

20. Defendant Doe #2's statement was false, deceptive, and abusive, as Ms. Abernathey was not refusing to pay the purported debt, but rather she simply could not afford to do so.

### *April 28 Collection Call*

21. On or about April 28, 2011, Defendant Leading Edge's collector, Defendant John Doe #2, contacted Plaintiff Abernathey by telephone in an effort to collect this debt. This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Defendant Doe #2, who identified himself during this call as "Daryl Rose," told Ms. Abernathey that she had about $2,700 in debt from Wells Fargo and asked how she would pay it. Ms. Abernathey explained that she had just given birth to a baby with a disability and did not have the money to pay the debt.

23. Defendant Doe #2 told Ms. Abernathey that he remembered speaking to her earlier and that he was again putting her down as "refuse to pay."

24. Defendant Doe #2's statement was false and deceptive, as Ms. Abernathey was not refusing to pay the purported debt, but rather she simply could not afford to do so.

### *Summary*

25. All of the above-described collection communications made to Plaintiff by Defendant Leading Edge, Defendant Doe #1, Defendant Doe #2, and other collection employees employed by Defendant Leading Edge, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15

U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692e(11), 1692e(14), and 1692f, amongst others.

26. During their collection communications, Defendants and these individual debt collectors employed by Defendant Leading Edge repeatedly failed to provide Plaintiff Abernathey with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2) 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

27. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to Plaintiff Abernathey.

28. This series of abusive collection calls by Defendant Leading Edge and its employees pushed Plaintiff Abernathey to consider bankruptcy and sell her house at a loss (or go into foreclosure) as a way out of these abusive calls.

29. This series of abusive collection calls by Defendant Leading Edge and its employees caused Plaintiff Abernathey to at times cry uncontrollably and made her physically ill because of the emotionally abusive manner in which this debt was collected by these Defendants.

30. This series of abusive collection calls by Defendant Leading Edge and its employees exacerbated the stress Plaintiff Abernathey was already feeling given that she had

recently lost her job, was caring for her young baby, and was pregnant with another child that doctors had recently informed her would be born with a serious birth defect.

31. Defendants' illegal abusive collection communications, as set forth above, were the direct and proximate cause of severe emotional distress suffered by Plaintiff Abernathey and caused her unnecessary personal strain in her personal relationships, including with family members.

32. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

33. The acts and omissions of Defendants Doe #1 and Doe #2, and the other debt collectors employed as agents by Defendant Leading Edge who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Leading Edge.

34. The acts and omissions by Defendants Doe #1 and Doe #2 and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Leading Edge in collecting consumer debts.

35. By committing these acts and omissions against Plaintiff, Defendants Doe #1 and Doe #2 and these other debt collectors were motivated to benefit their principal, Defendant Leading Edge.

36. Defendant Leading Edge is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

40. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages

in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

42. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

43. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

44. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff Abernathey, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded her privacy.

45. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff Abernathey by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff Abernathey's right to privacy.

46. Plaintiff Abernathey had a reasonable expectation of privacy in her solitude, seclusion, private concerns or affairs, and private financial information.

47. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff Abernathey, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

48. As a result of such intrusions and invasions of privacy, Plaintiff Abernathey is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Dated: June 3, 2011                              *s/Joshua R. Williams*
                                                 Joshua R. Williams (#389118)
                                                 jwilliams@jrwilliamslaw.com
                                                 1624 Harmon Place, Suite 300Q
                                                 Minneapolis, Minnesota 55403
                                                 (612) 486-5540
                                                 (612) 605-1944 Facsimile

                                                 **ATTORNEY FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Plaintiff Sarah E. Abernathey, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Sarah E. Abernathey

Subscribed and sworn to before me
this ___ day of _____, 2011.

_____
Notary Public

JOHN MARK ANUNTI
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

-13-